UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST, CO., *as trustee for Morgan Stanley Mortgage Loan Trust 2005-10*, *Plaintiff*, | : : : : : | |
| v. | : : | No. 3:19-cv-460 (VAB) (WIG) No. 3:19-cv-461 (VAB) (WIG) |
| WALTER REDDY, III. *Defendant*. | : : : | |

___

**RULING AND ORDER ON MOTION TO REMAND AND RECOMMENDED RULING**

Walter Reddy, III ("Defendant"), proceeding *pro se*, filed a Notice of Removal on March 27, 2019, of two Summary Process actions commenced by Deutsche Bank National Trust Company ("Deutsche Bank") in the Connecticut Superior Court Housing Session of Norwalk. Both actions were removed to this Court on the same day and relate to the same property, which comprises a "Main House" and an "In-Law Unit."

For the reasons that follow, the Court adopts Judge Garfinkel's recommended ruling in both cases, **GRANTING** the Plaintiff's motions to proceed *in forma pauperis*, but **DISMISSING** these cases for lack of subject matter jurisdiction.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Around June 7, 2018, Deutsche Bank allegedly became the record owner of 16 Briar Oak Drive, Weston, CT 06883, as a result of a foreclosure action started under docket numbers NWH-CV18-6004196-S and NWH-CV18- 6004197-S. *See* Rev. State Compl. ¶ 1, *Deutsche Bank Nat'l Trust Co. v. Reddy,* No. 3:19-cv-461 (VAB), ECF No. 1-1 (Mar. 27, 2019) ("Main House Action") and Rev. State Compl. ¶ 1, *Deutsche Bank Nat'l Trust Co. v. Reddy,* Case No. 3:19-cv-460 (VAB) ("In-Law Unit Action"). Deutsche Bank alleges that the Defendants' right to

1

occupy the premises, which included both the Main House and the In-Law Unit ended on November 5, 2018; that a notice to quit the premises was served; and that the date to quit the premises passed in November 2018. Compl.[1] ¶ 2-6.

On February 13, 2019, Deutsche Bank brought summary process actions against Walter Reddy, III, Scott Baker, Alexandra Benderoth, Jodi Emidy, Taylor Flack and various Doe Defendants, making claims for immediate possession of both the Main House and the In-Law Unit of the Weston premises. *Id.*

On March 27, 2019, Walter Reddy, III, proceeding *pro se*, filed Notices of Removal of both actions. Notice of Removal, Main House Action, ECF No. 1 (Mar. 27, 2019); Notice of Removal, Main House Action, ECF No. 1 (Mar. 27, 2019). In all respects other than whether the filing refers to the Main House or the In-Law Unit on the Weston premises, the grounds for removal asserted by Mr. Reddy are the same.

Also on March 27, 2019, Mr. Reddy filed identical "short form" applications to proceed *in forma pauperis* in both cases. Mot., Main House Action, ECF No. 2, (Mar. 27, 2019); Mot., In-Law Unit Action, ECF No. 2 (Mar. 27, 2019). Judge Garfinkel denied Mr. Reddy's motion to proceed *in forma pauperis* in the In-Law Unit Action, without prejudice to renewing the motion with a complete financial affidavit. ECF No. 7 (Apr. 2, 2019).

On May 1, 2019, Mr. Reddy filed a new motion for leave to proceed *in forma pauperis* in the In-Law Unit Action. ECF No. 8 (May 1, 2019).

On June 19, 2019, Deutsche Bank moved to remand both cases to state court. Main House Action, ECF No. 7 (June 19, 2019); In-Law Unit Action, ECF No. 10 (June 19, 2019).

---

[1] Because most filings in each case are identical except for their reference to either the Main House or the In-Law Unit, the Court here uses short citations to only one document, which should be understood as referring to the document with that name filed in both cases.

2

On October 22, 2019, Judge William I. Garfinkel issued a Recommended Ruling in both cases, recommending that Mr. Reddy's Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B). Rec. Ruling, In-Law Unit Action, ECF No. 13 (Oct. 22, 2019); Rec. Ruling, Main House Action, ECF No. 13 (Oct. 22, 2019). Judge Garfinkel stated that "[a]ny objection must be filed within 14 days after service," or by November 5, 2019. Rec. Ruling.

On December 2, 2019, Mr. Reddy filed a Notice of Disability in both actions. Notice of Disability, Main House Action, ECF No. 14 (Dec. 2, 2019); Notice of Disability, In-Law Unit Action, ECF No. 14 (Dec. 2, 2019).

Also on December 2, 2019, Mr. Reddy filed an objection to the recommended ruling in both cases. Obj. to Rec. Ruling, Main House Action, ECF No. 15 (Dec. 2, 2019); Obj. to Rec. Ruling, In-Law Unit Action, ECF No. 15 (Dec. 2, 2019).

Now before the Court are Mr. Reddy's motions for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915[2] and Deutsche Bank's motions to remand.

## II.     STANDARD OF REVIEW

There is a two-step process for reviewing motions to proceed *in forma pauperis*. *See Bey v. Syracuse Univ.*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994) ("Applications to proceed in forma pauperis trigger a two step process of review by the district court.").

First, a court must determine whether the litigant qualifies to proceed *in forma pauperis* based upon economic status. 28 U.S.C. §1915(a)(1). (A court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . .").

---

[2] Judge Garfinkel did not rule on Mr. Reddy's original "short form" application to proceed *in forma pauperis* in the Main House Action. Since his "short form" applications were identical in both actions, rather than dismissing without prejudice his "short form" application, the Court takes judicial notice of Mr. Reddy's amended motion for leave to proceed *in forma pauperis* filed in the In-Law Unit Action, ECF No. 8, as applying to both cases.

3

Second, a court must determine whether the cause of action is frivolous, malicious, or without merit. 28 U.S.C. §1915(e)(2)(B). A court "*shall dismiss* the case at any time if the court determines that . . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* (emphasis added). The term "frivolous" is not intended to be insulting or demeaning; it is a term of art that has a precise meaning. A claim is said to be frivolous if it does not have an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III. DISCUSSION

Federal courts are courts of limited jurisdiction. U.S. Const., Art. III. In order for this Court to exercise subject matter jurisdiction, either (1) the plaintiff must set forth a colorable claim arising under the U.S. Constitution or a federal statute, thus invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331; or (2) there must be complete diversity of citizenship between the plaintiff and the defendant and the amount in controversy must exceed $75,000 under 28 U.S.C. § 1332. *See DaSilva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (identifying and discussing the two categories of subject matter jurisdiction). "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Thus, where jurisdiction is lacking, dismissal is mandatory. *Lydonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983).

For the following reasons, the Court does not have jurisdiction over Mr. Reddy's claims.

### A. Unanimity Rule

"When removing a state case with multiple defendants, each defendant must independently consent to removal to federal court." *Wells Fargo Bank, Nat'l Ass'n v. White*, No.

3:18-cv-1606 (VAB), 2019 WL 2006003, at *2 (D. Conn. May 7, 2019) (citing *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) ("Although we have not yet advised what form a consent to removal must take, we agree with the district court that the remaining defendants must independently express their consent to removal." (citations omitted))). The "[f]ailure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely." *Edelman v. Page*, 535 F. Supp. 2d 290, 293 (D. Conn. 2010).

"Because this rule is strictly interpreted and enforced, 'most courts have required some form of unambiguous written evidence of consent to the court in timely fashion.'" *Id. (quoting Burr ex rel. Burr. V. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006)). Additionally, "[t]he removing defendants bear the burden of establishing that removal is proper." *Drayton v. Riverbay Corp.*, No. 17-cv-5455 (JPO), 2017 WL 4857601, at *2 (S.D.N.Y. Oct. 26, 2017).

In addition to Mr. Reddy, the other Defendants in the state court action are Scott Baker, Alexandra Benderoth, Jodi Emidy, Taylor Flack, John Doe I, John Doe II, Jane Doe I and Jane Doe II. The Doe defendants do not have to consent to removal here because "the general rule that all defendants must join in a notice of removal may be disregarded where . . . the non-joining defendants are unknown." *Green v. Am. Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citizenship of Doe defendants is disregarded for removal purposes). None of the additional named Defendants, however, have joined in the removal of this case to federal court, or filed consent to removal; nor has Mr. Reddy offered unambiguous or written evidence that the other named Defendants consent to this action.

Based on the original state actions and the notices of removal, Judge Garfinkel recommended that these cases be dismissed and remanded because their removal is not in compliance with the unanimity rule. *See Edelman*, 535 F. Supp. 2d at 292–93 (applying unanimity rule to remand case to state court); *Nat'l Waste Assocs., LLC v. TD Bank, N.A.*, No. 3:10-cv-289 (CSH), 2010 WL 1931031, at *2-3 (D. Conn. May 12, 2010) (same).

Mr. Reddy argues that the other Defendants are not properly named as defendants in these actions because they allegedly either have already left the premises or have been subject to harassment by agents of the Defendant or Defendant's counsel in an attempt to expel them from the premises. Obj. to Rec. Ruling at 3 ("In truth, those persons are long gone. A number on the [Plaintiff's] List had departed some years previously. Of the current ones, those were harassed and threatened by persons hired directly by [Plaintiff's counsel] in an effort to achieve, by wrongful means, a result which [Plaintiff's counsel] was not entitled.").

District courts have broad discretion to dismiss parties or claims from a lawsuit under Federal Rule of Civil Procedure 21, either on motion or *sua sponte*. *See Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 263 (D. Conn. 2012) ("Rule 21 provides that a court "may sever any claim against a party." (quoting Fed. R. Civ. P. 21)); *Greystone Cmty. Reinvestment Ass'n v. Berean Capital, Inc.*, 638 F. Supp. 2d 278, 293 (D. Conn. 2009) (the decision whether to sever a claim "is committed to the sound discretion of the trial court.") (internal quotations omitted)). In the Second Circuit, Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance," including "where the administration of justice would be materially advanced by severance." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (affirming a district court's decision to sever defendants and transfer their cases to another venue). There is also, however, "a

strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Id.* at 619.

Here, no motion to sever under Rule 21 has been filed, and it is unclear whether Mr. Reddy alleges that all of the other named Defendants have actually vacated the premises, or whether some of them remain even while allegedly subject to harassment. Thus, the Court has limited information by which to determine whether severance of the other Defendants is appropriate or not in this case.

The Court ultimately does not need to resolve any questions under Rule 21, however, because, as explained below, the Court lacks subject matter jurisdiction over this case in any event.

### B. Federal Question Jurisdiction

This case is not a "civil action of which the district courts have original jurisdiction founded on a claim or right arising under" federal law. *28 U.S.C. §1441(b)*. "The Supreme Court has 'long held that the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Bank of Am. Nat'l Ass'n v. Derisme*, 743 F. Supp. 2d 93, 102 (D. Conn. 2010) (quoting *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475 (1998) (internal quotation marks omitted)).

Deutsche Bank's Complaints do not present any federal claims on their face. The only claim is a state-law claim for summary process. Mr. Reddy's arguments to the contrary—that this case arises under federal law because plaintiff is not the actual plaintiff, that counsel

7

bringing the Action does not represent the named plaintiff, that Deutsche Bank did not retain nor authorize the bringing of suit, and that there is original jurisdiction under the Fair Debt Collections Practices Act and the Truth in Lending Act, Not. of Removal at 1—all fail.

An anticipated federal law defense is not part of a properly pleaded complaint. *See Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987). "[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 14 (1983). *Id.* "[T]he fact that defendant[] may assert a federal ... defense to plaintiff's state law property federal-question claim does not create jurisdiction to allow for removal of the case to this Court. *Bank of N.Y. v. Stacey*, No. 3:16-cv-02051 (JAM), 2017 WL 384025, at *2 (D. Conn. Jan. 26, 2017).

Moreover, "[w]rongful eviction claims, whether for a temporary or final eviction, are state law claims over which this Court lacks subject matter jurisdiction." *Allied Manor Rd. LLC v. Berrios*, No. 17-cv-2277 (WKF) (RML), 2017 WL 5558650, at *1 (E.D.N.Y. Apr. 20, 2017), *appeal dismissed*, No. 17-1257, 2017 WL 8232189 (2d Cir. July 18, 2017), *cert. denied*, 138 S. Ct. 455 (2017) (citing cases); *U.S. Bank, Nat'l Ass'n as Tr. for Bear Sterns Asset Backed Sec. I Tr. 2006-AC1, Asset-Backed Certificates, Series 2006-AC1 v. Profeta*, No. 3:18-cv-1710 (CSH), 2019 WL 2185725, at *6 (D. Conn. Mar. 26, 2019) ("Absent diversity, removal based on state court eviction claims are properly remanded to state court in that they do not present a 'federal question' for purposes of 'federal question' jurisdiction.").

"Similarly, with respect to foreclosure judgments rendered in state court, 'it is well settled that judgments of foreclosure . . . are fundamentally matters of state law.'" *Profeta,* 2019

WL 2185725, at *6 (quoting *Muong v. Fed. Nat'l Mortg. Ass'n*, No. 1:13-cv-06564 (KAM), 2013 WL 6667374, at *2 (E.D.N.Y. Dec. 16, 2013) (collecting cases)). To the extent that Mr. Reddy seeks to challenge the foreclosure judgment obtained by Plaintiff, "the Second Circuit has held that district courts lack jurisdiction over completed foreclosure actions, as well as collateral attacks upon them, on jurisdictional grounds based on the abstention doctrine set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 4113, 416 (1923)." *Id.* (citing *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("To the extent [a party] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [his] claim."); *see Gonzalez v. Deutsche Bank Nat'l Tr. Co.*, 632 F. App'x 32, 34 (2d Cir. 2016) ("[I]nsofar as plaintiffs here (1) contend that Deutsche Bank (a) lacked standing to pursue their home's foreclosure in state court, . . . or (b) fraudulently obtained title to the home, . . . or (2) seek to recover for injuries caused by the state judgment, their claims are barred because the validity of the foreclosure was already fully adjudicated in the state-court proceeding.") (summary order); *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) ("The claims raised in the plaintiffs' Complaint implicate the propriety of the state judgment of foreclosure and eviction—the very issues apparently decided by the state court. Because the *Rooker–Feldman* doctrine compels a federal court to give full faith and credit to the judgments of state courts, *see* 28 U.S.C. § 1738, this Court is without subject matter jurisdiction to hear this case.").

Accordingly, Mr. Reddy cannot invoke the federal question jurisdiction of this Court.

### C. Diversity Jurisdiction

Deutsche Bank's Complaints also do not satisfy the requirements of diversity jurisdiction.

"For purposes of diversity jurisdiction and the removal statute, a person is considered a citizen of the State in which he or she was domiciled when the action was commenced." *Derisme*, 743 F. Supp. 2d at 103; *see* 28 U.S.C. §1441(b) ("Any other such action shall be removable *only if* none of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is brought." (emphasis added)). Here, Mr. Reddy has admitted being a citizen of Connecticut. Notice of Removal at 1. A state court action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought," 28 U.S.C. §1441(b)(2); *Profeta*, 2019 WL 2185725, at *5 ("[I]f any defendant is a citizen of Connecticut, the action may not be removed to the District of Connecticut." (emphasis added)).

Accordingly, the action may not be removed to the District of Connecticut based on diversity.

## IV. CONCULSION

For the reasons set forth above, the Court **ADOPTS** Judge Garfinkel's Recommended Ruling under Fed. R. Civ. P. 72(b)(1), **DISMISSES** these matters for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B), and **GRANTS** the motions to remand these actions to the Connecticut Superior Court Housing Session of Norwalk.

SO ORDERED, this 31st day of December, 2019 at Bridgeport, Connecticut.

        */s/* Victor A. Bolden

VICTOR A. BOLDEN

UNITED STATES DISTRICT JUDGE